## Financial Requirements of Mutual Insurance Companies Issuing Nonassessable Policies

PACKEL, Attorney General, July 18, 1974.—You have requested that we reconsider our previously issued Opinion No. 42 of 1971, Opinions of the Attorney General 73, determining the effect of the Act of November 27, 1968, P. L. 1118, 40 PS §382 (No. 349),[1] on the surplus requirements of mutual fire insurance and mutual casualty insurance companies issuing nonassessable insurance policies.[2] Our earlier opinion held that the second section 7 of Act 349[3] did not exempt such mutual insurance companies, as were in existence prior to the effective date of the act, from meeting the newly imposed financial requirements added to section 806 of The Insurance Company Law of May 17, 1921, as amended, 40 PS §916, by Act 349.

It is our opinion, and you are hereby advised, that, based upon our reconsideration of the above act, mutual fire insurance and mutual casualty insurance companies writing nonassessable insurance policies, as herein defined, are exempt from compliance with the requirements described under section 806, supra.

The relevant changes made by Act 349 to The Insurance Company Law read, in pertinent part, as follows:

"Section 206. Minimum capital stock and financial requirements to do business

"..."

---

[1] Act 349 amended several sections of The Insurance Company Law of May 17, 1921, P. L. 682, as amended, 40 PS §362, et seq. Our concern, however, in this opinion will be only with those sections dealing with the financial requirements of mutual insurance companies issuing nonassessable insurance policies.

[2] Mutual fire and mutual casualty insurance companies writing only automobile or motor vehicle insurance are specifically not exempt from the minimum capital stock, surplus and other financial requirements of Act 349. See 40 PS §382(b)(2), (c)(11).

[3] See Historical Note, 40 PS §382.

"(e) Mutual companies, other than mutual life companies and other than title insurance companies, hereafter organized under this act, shall comply with the following conditions:

". . .

"(6) Each company writing non-assessable policies shall maintain unimpaired so much of its surplus as is equal to the minimum capital required for stock companies authorized to transact the same class or classes of insurance; . . ." See 40 PS §386.

"Section 806. Premiums.

". . . No policy shall be issued for a cash premium without an additional contingent premium, unless the company has *and maintains* a surplus which is not less in amount than the *minimum* capital required of domestic stock insurance companies [transacting] *authorized to transact* the same [kind] *class or classes* of insurance." (Italics supplied) See 40 PS §916.

These two sections, as amended by Act 349, require that mutual insurance companies writing nonassessable policies shall have and maintain a surplus not less in amount than the minimum capital required of domestic stock insurance companies authorized to transact the same class(es) of insurance.

A proviso clause originally included in section 806, was deleted by Act 349. This proviso read as follows:

"Provided, that this section shall not be construed to require a surplus in excess of an amount equal to the unearned premiums on the policies without contingent premiums."

The effect of this clause was to permit a mutual insurance company to write nonassessable policies by merely establishing a surplus equal to its unearned premium reserve instead of being required to establish and maintain a certain minimum surplus equal to

the capital requirements of a stock company. This could result in extending nonassessable authority to a company with a low premium volume and a correspondingly low surplus.

The second section 9 of Act 349, which immediately follows the amendment to section 806, clearly provides that mutual insurance companies existing before the effective date of the act, except companies writing policies upon automobiles, as mentioned therein, need not comply with Act 349's provisions affecting financial requirements of companies. This section reads, in pertinent part:

"Section 9. No insurance company existing on the effective date of this act, except those writing policies upon automobiles under clause (2), subsection (b) or motor vehicles under clause (11) subsection (c) of section 202 of this act, shall be required to meet the minimum capital stock, surplus and other financial requirements of this act."

In our earlier opinion, we advised you that the above mentioned section did "not apply to the surplus requirements of a mutual insurance company writing nonassessable (insurance) policies because those requirements are set forth in section 806, which was not amended by Act 349, and requires compliance with section 806.1 and not (second) Section 9 of Act 349." It is quite apparent however, that section 806, as previously shown, was, in fact, amended by Act 349. It should be further added, contra to our above referenced conclusion, that section 206, supra, also applies to the surplus requirements of a mutual insurance company writing nonassessable policies.

Based on the foregoing, it is our opinion, and you are hereby advised, that mutual fire and mutual casualty insurance companies which wrote nonassessable insurance policies, not including those com-

panies writing automobile or motor vehicle policies, and which were in existence before November 27, 1968, are exempt from compliance with the financial requirements as set forth in Act 349 if they meet the surplus requirement for issuance of nonassessable policies in compliance with the previously contained proviso clause of section 806, which was in effect prior to, and repealed by Act 349.

This opinion replaces and rescinds Official Opinion No. 42 of 1971.